UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.02-175 (JMR/SRN)
Civil No. 04-CV-3879(JMR/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CATHERINE LOUISE DOTSON, Defendant. | ) | UNITED STATES RESPONSE TO DEFENDANT'S § 2255 MOTION |

The United States by its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, submits the following response to the defendant's § 2255 Motion for Habeas Corpus Relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 2002, the defendant pled guilty to Count 2 of a two-count Indictment. Count 2 alleged that the defendant Aided and Abetted Distribution of in Excess of 500 grams of Cocaine in violation of 21 U.S.C. 841(a) and 841(b)(1)(B), which carries a mandatory minimum term of five years imprisonment. The conspiracy charge alleged in Count 1 of the Indictment was dismissed after sentencing.

In the factual basis of her plea agreement, the defendant admitted that the cocaine she possessed with intent to distribute weighed approximately 988 grams. Plea Agreement(hereafter "Plea Agree.") ¶ 1. Accordingly, she agreed that the base offense level applicable to her sentence was 26 based on the total weight of cocaine and that the applicable mandatory minimum was five

years. Id. ¶¶ 3,6. With a three level reduction for acceptance of responsibility, the defendant agreed that the appropriate guideline range was 51-63 months. Id.

On July 10, 2003, the Court sentenced the defendant to the mandatory minimum term of five years. Judgment in a Criminal Case, p. 2.

The defendant filed this § 2255 Motion on August 23, 2004.

On October 4, 2004 the Court granted the parties' joint motion to hold briefing in abeyance until after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).

**ARGUMENT**

Defendant claims, citing Blakely v. Washington, 125 S.Ct. 21 (2004), that the Court, not a jury, improperly found the weight of the cocaine she possessed with intent to distribute to be in excess of 500 grams. Defendant's claim is without merit and should be dismissed on procedural grounds or denied on the merits.

**I. DEFENDANT'S MOTION IS UNTIMELY.**

Defendant's conviction became final on June 20, 2003 (the date of Judgment of Conviction plus ten days to appeal her sentence). The defendant had one year from that date to file her § 2255 motion. See 28 U.S.C. § 2255(1)-(4); Sweet v. Delo, 125 F.3d 1144, 1155 (8th Cir. 1997)(absent impediment created by

governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final).

Defendant dated her motion August 4, 2004 and it was filed on August 23, 2004. Even if one were to assume under the "prison mailbox rule" set out in Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) that the defendant mailed the motion on the date she signed it, it would still be untimely under the statute.

Defendant's motion should be dismissed on this basis.

**II. BLAKELY/BOOKER DO NOT APPLY RETROACTIVELY.**

The Supreme Court has strongly implied that Blakely is not to be applied retroactively. The same day the Supreme Court decided Blakely, the Court also issued its decision in Schriro v. Summerlin, — U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. Summerlin, 124 S.Ct. at 2526; see also Blakely, --- U.S. at ----- ----, 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in Summerlin "that *Ring* (and a fortiori *Apprendi* ) does not apply retroactively on habeas review"). Because Blakely and Booker, like Ring, are based on an extension of Apprendi, defendant cannot show that the Supreme

Court has made that decision retroactive to cases on collateral review.

Other Courts in this district have reached this very conclusion. See, United States v. Stoltz, 325 F.Supp.2d 982, 986 (D. Minn 2004); United States v. Falodun, 2004 WL 2397612 (D. Minn.)(Only the Westlaw cites is available).

Defendant's petition should be dismissed on this basis.

## III. DEFENDANT FAILED TO PROPERLY PRESERVE THE BLAKELY/BOOKER ISSUE AT THE TIME OF SENTENCING OR ON DIRECT APPEAL.

To preserve a Blakely/Booker objection in the district court, the defendant must have argued at sentencing or on direct appeal that the Guidelines or the procedures used to determine Guidelines factors were unconstitutional under Blakely or Booker, or the Fifth or Sixth Amendment, or must have objected to her sentence on the ground that Guidelines factors were not alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt.

"A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a § 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocense." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001), citing Bousely v. United States, 523 U.S. 614, 622 (1998). In this case, nothing stopped the

defendant from raising this issue before. There has been no showing, or even attempted showing, of cause for the issue to be raised in a habeas petition for the first time. The defendant nowhere argues that he is actually innocent of the false statement and false tax return counts upon which he was convicted. The claim is therefore defaulted.

Merely contesting disputed Guidelines factors is not sufficient to preserve a Booker claim. See United States v. Candelario, 240 F.3d 1300, 1304 (11th Cir. 2001) (objection is sufficient to preserve Apprendi claim if it relies on Apprendi or its predecessor, Jones v. United States, 526 U.S. 227 (1999); cites the Fifth or Sixth Amendment; or argues that drug quantity should have "gone to the jury" or should have been proved beyond a reasonable doubt); see also United States v. Mackins, 315 F.3d 399, 407 (4th Cir. 2003); United States v. Lott, 310 F.3d 1231, 1240 (10th Cir. 2002). A defendant must show both "cause" for her failure to raise the issue at trial and on direct appeal, and "actual prejudice" resulting from the claimed Booker error. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152 (1982).

Even though prior to Blakely and Booker, every court of appeals had rejected challenges to the Sentencing Guidelines under Apprendi, see Blakely, 124 S. Ct. at 2547 n.1 (O'Connor, J., dissenting) (citing cases), "the futility of presenting an

objection * * * cannot alone constitute cause for a failure to object at trial." Engle v. Isaac, 456 U.S. 107, 130 (1982); see Bousley v. United States, 523 U.S. 614, 623 (1998). The defendant must show "actual prejudice," i.e., that the error "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 170. This is a demanding standard; it requires the defendant to carry a burden "significantly higher" than he would be required to satisfy on direct review under the plain-error standard. Id. at 167. The defendant cannot satisfy this standard.

Because defendant did not make any objection to her sentence at sentencing or on direct appeal, the appellate courts would apply a plain error standard of review. See United States v. Gonzales, 339 F.3d 725, 728 (8th Cir. 2003). To constitute plain error, a district court ruling must be (1) an error, (2) which is plain, i.e., clear under current law, and (3) which affects the defendant's substantial rights. Fed. R. Crim. Pro. 52(b); United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002) (citing United States v. Olano, 507 U.S. 725, 732-33, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993). In addition, the discretionary authority to consider plain error should be exercised "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Thompson, 289 F.3d at 526 (citing Olano, 507 U.S. at 732, 113 S.Ct. 1770).

Here the defendant cannot show that the error affected her "substantial rights" because he cannot establish that he would have received a different sentence if the Guidelines had been advisory, rather than mandatory. See United States v. Dominguez-Benitez, 124 S. Ct. 2333, 2339 (2004) (error that "affects substantial rights" under Rule 52 means "error with a prejudicial effect on the outcome of a judicial proceeding"). Nothing in the record shows that the Court would have given the defendant a lower sentence had Booker been the law at the time. Even if the Court had not found the gun enhancement to apply, the applicable range based on the defendant's admitted conduct was 70-87 months, encompassing the number of months to which the Court sentenced the defendant.

Imposition of a sentence within the Guidelines, to which no constitutional objection was made, did not seriously jeopardize the integrity of judicial proceedings. The defendant received a fair sentencing proceeding under the long-standing practice that had been approved by the Supreme Court and by every court of appeals, and the imposition of a sentence under binding Sentencing Guidelines, although erroneous in hindsight, was not so "egregious," see United States v. Young, 470 U.S. 1, 15 (1985), as to threaten the fairness, integrity or public reputation of judicial proceedings.

Moreover, the sentence itself was reasonable in that it conforms to the considered judgment of the Sentencing Commission which has honed the sentencing guidelines for twenty years. Because there was no miscarriage of justice, the defendant is not entitled to relief.

Alternatively, defendant's petition should be dismissed on this basis.

**IV. DEFENDANT'S § 2255 MOTION SHOULD BE DENIED ON THE MERITS.**

Defendant claims that she was improperly sentenced to 60 months because, "the Judge, not a jury, determined that I should be charged (sic) with cocaine in the amount of more than 500 grams in my possession..." Motion of Defendant, ¶ 12.

First, defendant's claim that a judge *charged* her with more than 500 grams of cocaine is untrue. She was properly charged in an Indictment by a federal grand jury. Assuming that what the defendant actually meant to argue was that the Court, not a jury, *improperly found* that she possessed more than 500 grams of cocaine, her claim is simply without merit. The defendant admitted to possessing 988 grams of cocaine as part of the factual basis for her plea.

Under the clear holdings of Blakely and Booker, any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. See Booker at 125 S. Ct. 738, 741.

Here the defendant admitted in her plea agreement to possessing 988 grams of powder cocaine. Her sentence of sixty months was based on this admission. Accordingly, there was no Blakely or Booker violation.

Defendant's § 2255 Motion should be denied on the merits.

Dated: February 2,2005

Respectfully submitted,
THOMAS B. HEFFELFINGER
United States Attorney

s/ David P. Steinkamp

BY: DAVID P. STEINKAMP
Assistant U.S. Attorney
Attorney ID No. 178470