UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
02-CR-175(JMR/SRN)
04-CV-3879(JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Catherine Louise Dotson | ) | |

This matter is before the Court on Ms. Dotson's petition for relief under 28 U.S.C. § 2255. The petition is denied.

I. Background

On December 13, 2002, petitioner pleaded guilty to aiding and abetting the distribution of cocaine. In the plea agreement, petitioner admitted she possessed with intent to distribute approximately 988 grams of cocaine. (Pl. Agreement at ¶ 1.) Petitioner signed the plea agreement and initialed each of its pages.

Under U.S.S.G. § 2D1.1(c)(7), the agreed-upon quantity of drugs created a base offense level of 26, which was reduced by three levels for acceptance of responsibility. Given her Criminal History Category, petitioner's Guidelines sentencing range was correctly calculated to be 51 to 63 months. Since she admitted in the plea agreement to possessing more than 500 grams of cocaine, she also faced a mandatory minimum sentence of 60 months. 21 U.S.C. § 841(b)(1)(B)(ii).

On July 10, 2003, petitioner appeared before the Court for sentencing. The Court sentenced her to 60 months' imprisonment,

the statutory minimum sentence. She did not appeal.

Petitioner now brings this motion under 28 U.S.C. § 2255. She claims her sentence violated the Fifth and Sixth Amendments because the facts used to calculate her sentence were not proved beyond a reasonable doubt to a jury. Her claim fails.

II. Discussion

Petitioner's claim arises under United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004). That line of precedent extends the basic holding of Apprendi v. New Jersey to the Sentencing Guidelines, requiring that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. Booker rescued the Guidelines, however, by declaring them to be advisory. Id. at 757.

Here, petitioner admitted every fact used to calculate her sentence. In particular, her plea agreement -- to which she unequivocally assented -- stipulated a drug quantity of 988 grams, which was the only fact used to determine her Guidelines sentencing range and the applicable mandatory minimum. Since the Court sentenced her to the statutory minimum established by the facts she admitted, any purported error in applying mandatory Guidelines is irrelevant. Accordingly, petitioner's sentence runs afoul of

neither Booker nor the Constitution, and her petition must be dismissed.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that whether it erred in calculating petitioner's sentence is "debatable among reasonable jurists." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has therefore made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. Conclusion

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 55] is denied.

2. A Certificate of Appealability will be issued in this matter.

Dated: May 26th, 2005

s/James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge